UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MICHAEL CHAZAN on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

    -against-

MERCANTILE ADJUSTMENT BUREAU, LLC

                      Defendant.
_____

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, Michael Chazan, brings this action on behalf of himself and all others similarly situated, by way of this Class Action Complaint for the illegal practices of Defendant, Mercantile Adjustment Bureau, LLC who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Such collection practices include, inter alia:

    (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

    (b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

 (c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(l)-(6). Among the per se violations prohibited by that section are the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the per se violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

## PARTIES

7. At all times relevant to this lawsuit, Plaintiff is citizen of the State of New York who resides within this District.

8. Plaintiff is consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

9. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

10. At all times relevant to this lawsuit, Defendant's principal place of business was located within Williamsville, New York.

11. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

12. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION & VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district.

## FACTS PARTICULAR TO MICHAEL CHAZAN

15. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

16. Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiff on multiple occasions via telephone and left numerous voice messages in an attempt to collect the alleged obligation.

17. By way of limited example only, the following is a transcript of one such message that Defendant left for Plaintiff on his cellular telephone voicemail system on or about December 28, 2016:

    > "Hello, good afternoon, my message is intended only for Michael Chazan. If this is not Mr. Michael Chazan. Please disconnect. By continuing to listen acknowledge you're Michael Chazan. My name is Sheree Morell calling from Mercantile Adjustment Bureau. A return call is needed. My number is 1 888-481-4348. My direct ext. 3080. Calling today regarding reference number 6588513. Business hours today December 28th, I'll be here until this evening 9:00 PM Eastern Standard Time. Thank you."

18. At the time Plaintiff received the said messages, he did not know the identity of the caller.

19. At the time Plaintiff received the said messages, he did not know that the caller was a debt collector.

20. At the time Plaintiff received the said messages, he did not know that the call concerned

the collection of a debt.

21. Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. Each of the above messages uniformly failed to identify the callers as debt collectors attempting to collect a debt.

23. The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, was to place a return call to the telephone number provided in the messages and speak with a debt collector employed by Mercantile Adjustment Bureau, LLC, and to provide the debt collector with personal information.

24. The Defendant intended that the messages have the effect of causing Plaintiff, and other least sophisticated consumers, to place return calls to the telephone number provided in the messages and to speak with their debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.

Scores of federal court decisions – including the 2nd Circuit Court of Appeals and District Courts within the State of New York – uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

25. At all times relevant to this action, Mercantile Adjustment Bureau, LLC was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

26. At all times relevant to this action, Mercantile Adjustment Bureau, LLC willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

27. The Defendant's act of leaving the said messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

28. The Defendant's act of leaving the said messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of a debt and is in violation of the FDCPA.

29. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that Mercantile Adjustment Bureau, LLC is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

30. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

    (a)   Failing to disclose that the call is from a debt collector; and

    (b)   Failing to provide meaningful disclosure of Mercantile Adjustment Bureau, LLC's identity; and

    (c)   Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

31. Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

32. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

33. The said telephone messages are in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

34. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

35. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

36. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

37. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

38. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

39. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

40. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his

right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

41. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

42. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

43. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44. With respect to the Plaintiff's Class, this claim is brought on behalf of a class of: (a) all persons in the State of New York; (b) for whom Mercantile Adjustment Bureau, LLC left a voicemail or answering machine message, in the form of the above said messages; (c) that did not identify Mercantile Adjustment Bureau, LLC by its true company name or state that the call was for collection purposes; (d) made in connection with Mercantile Adjustment Bureau, LLC's attempt to collect a debt; (e) which the said messages violate the FDCPA; (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

45. The identities of all class members are readily ascertainable from the records of Mercantile Adjustment Bureau, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

46. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Mercantile Adjustment Bureau, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

47. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10), and 1692e(11).

48. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

49. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

50. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the above said messages violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10), and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual

       members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

51. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10), and/or 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

54. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

55. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty four (54) as if set forth fully in this cause of action.

56. Defendant violated the FDCPA. Defendant's violations with respect to the above said messages include, but are not limited to, the following:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

    (b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt), in violation of 15 U.S.C. § 1692d(6);

    (c) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

    (d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that Defendant, Mercantile Adjustment Bureau, LLC was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11); and

    (e) Failing to disclose in all oral communications that Mercantile Adjustment Bureau, LLC is a debt collector, in violation of 15 U.S.C. § 1692e(11).

**PRAYER FOR RELIEF**

57. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

   (i) Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       November 16, 2017

    /s/ Maxim Maximov_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

    /s/ Maxim Maximov_____
Maxim Maximov, Esq.